# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BAZURTO,<br><br>　　　　Petitioner,<br><br>　v.<br><br>M. STAINER, Warden,<br><br>　　　　Respondent. | 1:11-cv-00924-JLT HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>ORDER DIRECTING THAT OBJECTIONS BE FILED WITHIN TWENTY DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO UNITED STATES DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 26, 2011, Petitioner filed his petition for writ of habeas corpus in the United States District Court for the Central District of California. (Doc. 1). On June 8, 2011, the Case was transferred to this Court. (Id.). In his petition, Petitioner contends that, as a result of an April 3, 2009 prison hearing, he was erroneously and unlawfully given a "gang validation" resulting in a change in his housing to the Secure Housing Unit. (Doc. 1, pp. 9-10). Petitioner does not challenge either his conviction or sentence, but instead argues that Respondent's determination violated Petitioner's constitutional right to due process (Doc. 1, p. 12).

///
///

1

**DISCUSSION**

A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.  The Instant Petition Fails To Allege Cognizable Habeas Claims.

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner contends that Respondent violated Petitioner's federal constitutional right to due process by making an adverse "gang validation" based upon Petitioner's possession of five items, resulting in Petitioner's confinement in the SHU.  Petitioner does not challenge either his underlying conviction or sentence.  As such, Petitioner is challenging the conditions of his confinement, rather than the fact or duration of that

1  confinement.  Accordingly, Petitioner is not entitled to habeas corpus relief, and this petition
2  should be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way
3  of a civil rights complaint pursuant to 42 U.S.C. § 1983.[1]

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. The Clerk of the Court is DIRECTED to assign this case to a United States District Judge.

**RECOMMENDATIONS**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be dismiss for failure to state a claim upon which habeas relief can be granted.

This Findings and Recommendation is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 16, 2011**                     /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Although Petitioner seeks to avoid this inevitable outcome by asserting that SHU confinement causes him "to no longer be eligible for parole, thus, changing his prison sentence from 15 years to life with possibility of parole to life without parole." (Doc. 1, p. 10).  However, Petitioner presents no evidence whatsoever to support this claim and this Court is aware of no California statute or case that expressly precludes a finding of parole suitability solely on the grounds of SHU confinement or gang validation. Moreover, Petitioner has long passed his Minimum Eligible Parole Date so that no credits that he earns impacts his release date.  Thus, whether an inmate earns fewer credits in SHU confinement than in the general prison population is irrelevant to Petitioner's case.  At this juncture, only the Board of Parole Hearings has any authority to find Petitioner eligible for parole or to set a parole date.  Accordingly, the Court's analysis that this claim fails to invoke the Court's habeas jurisdiction, remains valid.